# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JOSHUA HESFORD,

    Plaintiff,

vs.

JEFFERSON CAPITAL SYSTEM,

    Defendant.

No. 18-cv-100-CJW

**ORDER**

_____

This matter is before the Court on defendant's Motion for Judgment on the Pleadings, filed on October 18, 2018. (Doc 6). Plaintiff had fourteen days from the date of defendant's motion to file a resistance. LR 7(e). Plaintiff has not filed a resistance or a motion to extend the time to file a resistance. For the reasons set forth herein, defendant's Motion for Judgment on the Pleadings is **denied with leave to refile**.

## I.     BACKGROUND

Plaintiff filed a small-claims petition (the "petition") against defendant in the Iowa District Court for Linn County, Iowa. (Doc. 2). The petition is set forth in a small-claims form that directs the plaintiff to fill in the amount demanded and "state briefly the basis for the demand." (Doc. 2, at 1). Plaintiff stated that the basis for his claim is:

> Violating FCRA.[1] They did not inform me that they had an account in my name or that they would report negative information to my credit report. I did not have a chance to dispute before this was added to my credit report. They are falsely reporting that I owe them money when it is another agency.

---

[1] FCRA refers to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.

(*Id.*). Defendant answered the petition in state court, and timely removed this case, asserting that the Court has federal question jurisdiction. (Docs. 1; 1-2 at 5-6). 28 U.S.C. §§ 1331, 1446(b)(1). Defendant subsequently filed the instant motion for judgment on the pleadings, asserting that plaintiff has failed to state a claim upon which relief can be granted under the FCRA. (Doc. 6).

## II. APPLICABLE LAW

Defendant filed its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 6). A defendant may assert a plaintiff's failure to state a claim in a Rule 12(c) motion, and the Court will analyze the motion under the same standard as a Rule 12(b)(6) motion to dismiss. *St. Paul Ramsey Cty. Med. Ctr. v. Pennington Cty., S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir.2002)). The Court "view[s] all facts pleaded by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party." *Id*. The Court will grant a motion for judgment on the pleadings only where "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (internal quotations and citations omitted). Defendant bears the burden to show it is entitled to judgment on the pleadings. *See Rossley v. Drake Univ.*, No. 4:17-cv-00058-RGE-SBJ, 2017 WL 7693389, at *2 (S.D. Iowa Dec. 20, 2017); *see also* Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2018) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

## III.  DISCUSSION

Defendant characterizes the petition as alleging that defendant violated the FCRA in two ways: 1) "by failing to inform [plaintiff] that [defendant] would report negative information to his credit report," and 2) "by falsely reporting information." (Doc. 6-1, at 2). Defendant asserts that plaintiff's claims allege violations of Sections 1681s-2(a)(7)(A) and 1681s-2(a)(1)(A) of the FCRA. (*Id*. at 2-3). Defendant argues that Section 1681s-2(a) does not create a private right of action, and accordingly plaintiff's claims fail as a matter of law. (Doc. 6-1, at 3-4). Defendant also argues that plaintiff's claim under Section 1681s-2(a)(7)(A) fails because that section only applies to financial institutions that extend credit, and plaintiff did not allege that defendant extends credit. (Doc. 6-1, at 4 n.1).

Defendant fails to meet its burden to show that there is no set of facts under which plaintiff could recover. Drawing all inferences in plaintiff's favor, the petition alleges that defendant violated the FCRA in four ways:

1) Defendant failed to inform plaintiff that defendant had an account in plaintiff's name;

2) Defendant failed to notify plaintiff that it would report negative information to plaintiff's credit report;

3) Defendant did not provide claimant an opportunity to dispute the negative information; and

4) Defendant reported false information to plaintiff's credit report.

(Doc. 2). Defendant's argument that the FCRA does not provide plaintiff a private right of action only addresses plaintiff's failure to notify and false reporting claims. Defendant's argument that plaintiff failed to allege that defendant extends credit, as required by Section 1681s-2(a)(7)(A), only addresses plaintiff's failure notify claim.

Defendant's motion fails to address plaintiff's remaining claims regarding the placement of his account with defendant or the lack of opportunity to dispute the negative information. (*See* Docs. 6, 6-1). The Court will not "address threadbare arguments for dismissal unsupported by sufficiently reasoned analysis." *Fort Des Moines Church of Christ v. Jackson*, 215 F. Supp.3d 776, 792 (S.D. Iowa 2016). By failing to address two of plaintiffs four claims, defendant failed to meet its burden to show that there is no set of facts under which plaintiff can recover. Therefore, defendant's Motion for Judgment on the Pleadings is **denied**. The Court hereby grants defendant leave to refile its Rule 12(c) motion within twenty-one days of the date of this order to address plaintiff's claims in their entirety.

## IV. CONCLUSION

For the reasons stated above, defendant's Motion for Judgment on the Pleadings (Doc. 6) is **denied**. Plaintiff may refile its Rule 12(c) motion for judgment on the pleadings to address plaintiff's claims in their entirety within twenty-one days of the date of this order.

**IT IS SO ORDERED** this 14th day of November, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa