# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JOSHUA HESFORD,

    Plaintiff,

vs.

JEFFERSON CAPITAL SYSTEM,

    Defendant.

No. 18-cv-100-CJW

**ORDER**

_____

This matter is before the Court on defendant's Renewed Motion for Judgment on the Pleadings, filed on December 5, 2018. (Doc. 8). Plaintiff had fourteen days from the date of defendant's motion to file a resistance. LR 7(e). Plaintiff has not filed a resistance or a motion to extend the time to file a resistance. For the reasons set forth herein, defendant's Renewed Motion for Judgment on the Pleadings is **granted**.

## I. BACKGROUND

Plaintiff filed a small-claims petition (the "complaint") against defendant in the Iowa District Court for Linn County, Iowa. (Doc. 2). The complaint is a small-claims form that directs the plaintiff to fill in the amount demanded and "state briefly the basis for the demand." (Doc. 2, at 1). Plaintiff stated that the basis for his claim is:

> Violating FCRA.[1] They did not inform me that they had an account in my name or that they would report negative information to my credit report. I did not have a chance to dispute before this was added to my credit report. They are falsely reporting that I owe them money when it is another agency.

---

[1] FCRA refers to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.

(*Id.*). Defendant answered the complaint in state court, and timely removed this case, asserting that the Court has federal question jurisdiction. (Docs. 1; 1-2, at 5-6). 28 U.S.C. §§ 1331, 1446(b)(1). Defendant then filed a motion for judgment on the pleadings, asserting that plaintiff failed to state a claim upon which relief can be granted under the FCRA. (Doc. 6). The Court found that plaintiff's complaint alleged that defendant violated the FCRA in four ways:

1) Defendant failed to inform plaintiff that defendant had an account in plaintiff's name;

2) Defendant failed to notify plaintiff that it would report negative information to plaintiff's credit report;

3) Defendant did not provide claimant an opportunity to dispute the negative information; and

4) Defendant reported false information to plaintiff's credit report.

(Doc. 7). The Court found that defendant's Motion for Judgment on the Pleadings only addressed two of plaintiff's four claims, and the Court denied the motion with leave to refile within twenty-one days. (*Id.*). Defendant timely filed its Renewed Motion for Judgment on the Pleadings. (Doc. 8).

## II.    APPLICABLE LAW

Defendant filed the instant motion pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 8). A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). "The pleadings are 'closed' after the complaint and answer are filed, along with any reply to additional claims asserted in the answer." *Arnold v. New Jersey*, Civ. No. 03–3997 (WHW), 2007 WL 1381757, at *2 (D.N.J. May 9, 2007); *see also* FED. R. CIV. P. 7(a); Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1367 (3d ed. 2018) ("Rule 7(a) provides that the pleadings are closed upon the filing of a

complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.") (footnote omitted). Defendant has answered plaintiff's complaint, and there is no trial date set in this matter, so defendant's motion is procedurally proper under Rule 12(c).

The court analyzes a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir.2009). Under the Rule 12(b)(6) standard, "to survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 910 (8th Cir. 2016) (citations and internal quotations omitted). Courts liberally construe pro se complaints to determine if the essence of the allegation is discernable. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). However, the Court will not create claims not clearly raised by a pro se plaintiff. *White v. Polk Cty. Attorney's Office*, No. 4:16-cv-00008, 2016 WL 9000782, at *1 (S.D. Iowa Mar. 31, 2016); *S.E.C. v. Lawton*, Civil No. 09–368 ADM/AJB, 2011 WL 1467742, at *2 (D. Minn. Apr. 18, 2011), *aff'd*, 449 Fed. App'x 555 (8th Cir. 2012).

### III. DISCUSSION

Defendant's motion raises two primary arguments. Defendant argues that plaintiff has no private right of action under the FCRA for his claims that defendant failed to notify him that it would report negative credit information to a consumer reporting agency, and that defendant reported false information to a consumer credit agency. (Doc. 8-1, at 3-6). Defendant further asserts that plaintiff fails to state a claim because defendant was not required under the FCRA to advise plaintiff that it had an account in

his name, or to provide plaintiff an opportunity to dispute the debt before reporting it to a consumer reporting agency. (*Id.* at 6-7). In the alternative, defendant reasserts its argument that plaintiff has no private right of action for his claims regarding defendant's failure to advise plaintiff of the account, or to provide him an opportunity to dispute the information. (*Id.*).

### A. *Failure to Inform Prior to Reporting*

As an initial matter, construing plaintiff's complaint broadly, plaintiff alleges that that defendant is a "furnisher of information" and/or a "financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency" under Section 1681s-2, not a "consumer reporting agency" as defined in Section 1681a(g). (Doc. 2). Plaintiff's allegation that defendant "did not inform me that . . . they would report negative information to my credit report" asserts a violation of FCRA Section 1681s-2(a)(7)(A)(i), which requires certain financial institutions to provide written notice to a consumer before furnishing negative credit information to a consumer reporting agency. (Doc. 2, at 1).

Plaintiff's allegation of a statutory violation does not, however, by itself, state a claim upon which relief can be granted. "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). To determine if a party has a claim for an alleged violation of a statute the Court must interpret the statute at issue and decide "whether it displays an intent to create not just a private right but also a private remedy." *Id.* If a plaintiff's claims are premised on the violation of a statute, and the statute does not create a private right of action in the plaintiff's favor, then the plaintiff has failed to state a claim. *See Wolfchild v. Redwood Cty.*, 824 F.3d 761, 768-70 (8th Cir. 2016) (holding that the district court correctly granted a motion to dismiss for failure to state a claim where the plaintiffs had no claim under federal common law, and the statute at issue did not create a private right of action).

4

The Court finds that the FCRA does not create a private right of action for violations of Section 1681s-2(a). The FCRA's civil liability provisions create private rights of action against credit reporting agencies for violations of the FCRA. 15 U.S.C. §§ 1681n, 1681o; *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (holding that Sections 1618n and 1681o create private rights of action, but only against credit reporting agencies, not furnishers of information). In contrast, the FCRA excludes violations of Section 1681s-2(a), which governs the obligations of furnishers of information, from the civil liability provisions and limits enforcement of Section 1681s-2(a) to state and federal governmental agencies. 15 U.S.C. § 1681s-2(c), (d); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1011 (S.D. Iowa 2003).

The Court's interpretation of the FCRA is in accordance numerous other courts that have addressed this issue. Defendant points out that, although the Eighth Circuit has not directly addressed whether there is a private right of action for violations of Section 1681s-2(a) of the FCRA, several other circuits have held that there is no such private right of action. (*See* Doc. 8, at 4-5) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010); *Longman v. Wachovia Bank, NA.*, 702 F.3d 148, 151 (2d Cir. 2012); *Tauro v. Capital One Fin. Corp.*, 684 Fed. App'x 240, 242 (3d Cir. 2017); *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 Fed. App'x 308, 313 (4th Cir. 2016); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012); *Walton v. EOS CCA*, 885 F.3d 1024, 1029 (7th Cir. 2018); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *Brunson v. Provident Funding Assocs.*, 608 Fed. App'x 602, 611 (10th Cir. 2015); *Nawab v. Unifund CCR Partners*, 553 Fed. App'x 856, 860 (11th Cir. 2013)). District courts within the Eighth Circuit have likewise found that there is no private right of action for violations of Section 1681s-2(a). *See Ilodianya v. Capital One Bank USA NA*, 853 F. Supp. 2d 772, 774 (E.D. Ark. 2012); *Juarez v.*

*Chase Bank USA, N.A.*, No. 4:09–cv–00129–JAJ–RAW, 2009 WL 10665018, at *8 (S.D. Iowa July 30, 2009); *Burgi v. Gurstel Law Firm, PA*, Civ. No. 07–4772 (PJS/RLE), 2008 WL 4634984, at *7 n.7 (D. Minn. Oct. 17, 2008); *Thulin v. EMC Mortg. Corp.*, Civ. No. 06–3514 (RHK/JSM), 2007 WL 3037353, at *6 (D. Minn. Oct. 16, 2007); *Hurocy v. Direct Merchants Credit Card Bank, N.A.*, 371 F. Supp. 2d 1058, 1060 (E.D. Mo. 2005); *Gordon*, 266 F. Supp. 2d at 1010. Given the Court's holding that there is no private right of action for violations of Section 1681s-2(a)(7)(A), plaintiff has failed to state a claim upon which relief can be granted with respect to defendant's alleged failure to advise plaintiff before reporting negative credit information.

### B. *Reporting Inaccurate Information*

Plaintiff's next allegation is that defendant falsely reported that plaintiff owed it money, when in fact plaintiff owed the money to a different debt collector. (Doc. 2, at 1). Construing plaintiff's claim broadly, plaintiff has alleged that defendant violated Section 1681s-2(a)(1)(A) the FCRA, which provides "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). The FCRA's prohibition on reporting inaccurate information is contained in Section 1681s-2(a), which, as set forth above, does not create a private right of action. Accordingly, plaintiff has failed to state a claim upon which relief can be granted for defendant's alleged reporting of inaccurate information.

### C. *Failure to Inform Plaintiff of Account*

Plaintiff's also alleges that defendant violated the FCRA by failing to inform him that defendant had an account in his name. (Doc. 2, at 1). Defendant argues that it was not required under the FCRA to inform plaintiff that it had an account in his name, and that, even if it were, there would be no private right of action. Even construing plaintiff's complaint broadly, plaintiff has not stated a plausible claim that defendant violated the

FCRA by failing to inform him that it had an account in his name. The FCRA does require the disclosure of certain information about a consumer's account to the consumer. 15 U.S.C. § 1681g. These disclosure requirements, however, apply to consumer reporting agencies, not to furnishers of information, and the disclosure obligations must be triggered by a request from the consumer. 15 U.S.C. § 1681g(a). Plaintiff has not alleged that defendant is a consumer reporting agency, nor has he alleged that he made a request to defendant for information regarding his account. (Doc. 2). Because defendant had no duty under the FCRA to inform plaintiff that it had an account in plaintiff's name, plaintiff has failed to state a claim upon which relief can be granted.

### D. *Opportunity to Dispute*

Plaintiff's final claim is that defendant violated the FCRA by not providing him an opportunity to dispute the negative credit information before providing it to a consumer reporting agency. (Doc. 2). Section 1681s-2 addresses a furnisher of information's duties regarding disputed credit information in two places. The first is subsection (a)(8), which states that various federal agencies shall "identify the circumstances under which a furnisher shall be required to reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on a direct request of a consumer." The Bureau of Consumer Financial Protection and the Federal Trade Commission have passed regulations regarding direct disputes. 12 C.F.R. § 1022.43; 16 C.F.R. § 660.4. Neither of the relevant regulations require that a furnisher of information provide an individual an opportunity to dispute the information; the regulations set forth the circumstances under which a furnisher must investigate *after* receiving notice of the dispute.

Further, even if the direct dispute regulations required defendant to give plaintiff an opportunity to dispute the credit information before reporting it, plaintiff would still have no private right of action. The FCRA's limitation on private rights of action applies

7

not only to Section 1681s-2(a) itself, but also to any regulations issued under it. 15 U.S.C. 1681s-2(c)(1). So, even if defendant violated the regulations promulgated under Section 1681s-2(a)(8), plaintiff still would not have a private right of action against defendant.

The second provision of Section 1681s-2 addressing disputed information is subsection (b). A majority of courts have recognized that, unlike Section 1681s-2(a), "a consumer can maintain a private cause of action against a furnisher of information for willful or negligent noncompliance with § 1681s–2(b)." *Gordon*, 266 F. Supp. 2d at 1010. Plaintiff's complaint fails, however, to state a claim under Section 1681s–2(b) because it does not require a furnisher of information to provide a consumer an opportunity to dispute information before providing it to a consumer reporting agency. *See* 15 U.S.C. § 1681s–2(b)(1). In fact, a furnisher of information's duties under Section 1681s–2(b) are not triggered until it *after* it has received a notice of the consumer's dispute from a consumer reporting agency. 15 U.S.C. §§ 1681i, 1681s–2(b)(1). Although the Court must interpret plaintiff's complaint broadly, the Court will not create claims not clearly raised by plaintiff. *White*, 2016 WL 9000782, at *1; *Lawton*, 2011 WL 1467742, at *2. Plaintiff has not alleged that he ever disputed the information provided by defendant with a consumer reporting agency, or that defendant ever received notice of such dispute. (*See* Doc. 2). In short, defendant's allegation that he "did not have a chance to dispute" the negative credit information before defendant provided it to a consumer reporting agency (Doc. 2) does not constitute a violation of the FCRA, and plaintiff has failed to state a claim upon which relief can be granted.

None of plaintiff's four allegations constitutes a violation of the FCRA for which there is a private right of action. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted, and defendant's Renewed Motion for Judgment on the Pleadings (Doc. 8) is **granted**. Although defendant has requested that plaintiff's claims

be dismissed with prejudice, the Eighth Circuit has shown a preference for dismissals without prejudice where there is no evidence of persistent pleading failures. *Holmseth v. City of E. Grand Forks*, Civil No. 14–2970 (DWF/LIB), 2015 WL 4488424, at *20 (D. Minn. July 23, 2015) (Brisbois, Mag. J., as adopted by Frank, J.) (citing *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir.1983); *Larson v. Stow*, 36 F.3d 1100 (8th Cir.1994) (table decision); *Patil v. Minnesota State University, Mankato*, Civ. No. 12–1052 (JRT/JSM), 2012 WL 7807608, at *10 (D. Minn. Dec. 10, 2012)). Given that plaintiff has not previously amended his complaint, and that his complaint was filed as a small claims action, there is no evidence of persistent pleading failures. Therefore, plaintiff's claims are **dismissed without prejudice**.

## IV. Conclusion

For the reasons stated above, defendant's Renewed Motion for Judgment on the Pleadings is **granted**, and plaintiff's claims are **dismissed without prejudice**. The clerk's office is directed to enter judgment in favor of defendant on plaintiff's claims set forth in Plaintiff's State Court Petition (Doc. 2), and to close this case.

**IT IS SO ORDERED** this 7th day of January, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa